**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| **MARLON CARPENTER, et al.,** | **PLAINTIFFS,** |
| **VS.** | **CIVIL ACTION NO. 4:02CV53-P-D** |
| **KENTUCKY FINANCE COMPANY, INC., et al.,** | **DEFENDANTS.** |

## ORDER

This matter comes before the court upon Defendant's Motion to Dismiss Certain Plaintiffs for Lack of Standing [87-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The motion is well-taken and should be granted. However, only one of the subject plaintiffs, Jo Houston, remains in this suit. The claims of Ruby Haynes, Jerry Green, Lisa Johnson, Karl Dale Kleppinger and Alice Haymer were dismissed by Order entered August 17, 2005. The claims of Terricka Coleman, Christopher Jones, Kelly Jones, Robert Haynes, Flora Chisolm, and Ray A. Hall were dismissed by Order entered April 18, 2005. Thus, the court grants the instant motion only with respect to the claims of Jo Houston.

As correctly pointed out by the defendants, Jo Houston's claims should be dismissed because (1) Houston's claims accrued prior to filing her Chapter 7 bankruptcy petition on November 12, 1997 ( thus making her claims property of her bankruptcy estates); (2) her bankruptcy schedule did not list the instant claims as required by law; (3) the appropriate Bankruptcy Trustee has not formally abandoned Houston's claims as required by 11 U.S.C. § 554; thus (4) the appropriate Trustee is the real party in interest under Fed. R. Civ. P. 17, not Houston; and (5) the Trustee has not joined in the present action to assert any of the Houston's claims.

1

The plaintiff has cited no binding authority supporting her contention that the informal methods of abandonment proffered suffice to satisfy 11 U.S.C. § 554. Nor has she supplemented the record with any additional information regarding formal abandonment. Indeed, the plaintiff has had more than adequate time to so supplement the record or to otherwise object to the appropriate Bankruptcy Trustee being deemed the real party in interest pursuant to Rule 17(a) but has chosen not to do so. While it is true that there is a motion pending in this case since June 15, 2005 for an extension of time to supplement the record with same, counsel is aware that the court granted an identical motion in an identical case, *Adams, et al. v. Citifinancial Corp., et al.*, Cause Number 4:02CV54-P-D, yet the record was never supplemented in that case nor in another identical case, *Anderson, et al. v. First Family Financial Services, Inc., et al.*, Cause Number 4:02CV55-P-B.

In addition, since it is undisputed that Houston filed her bankruptcy petition without listing her claims in the present case on her bankruptcy schedules as required by law, her claims should be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss Certain Plaintiffs For Lack of Standing [87-1] is hereby **GRANTED IN PART AND DENIED IN PART AS MOOT**; specifically,

(2) The motion to dismiss is denied as moot with regard to the claims Ruby Haynes, Terricka Coleman, Jerry Green, Lisa Johnson, Christopher Jones, Kelly Jones, Karl Dale Kleppinger, Alice Haymer, Robert Haynes, Flora Chisolm and Ray A. Hall as discussed above; and

(3) The motion is granted as to the claims of Jo Houston, therefore her claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 25th day of October, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE