**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MARLON CARPENTER, et al**                                                                                    **PLAINTIFFS**

**VERSUS**                                                                         **CIVIL ACTION NO. 4:02CV53-P-D**

**KENTUCKY FINANCE COMPANY, INC., et al**                                                      **DEFENDANTS**

**ORDER**[1]

This cause is before the Court on the defendant Kentucky Finance Company, Inc.'s Motion for Summary Judgment as to Certain Plaintiffs [91], a second Motion for Summary Judgment as to Certain Plaintiffs [94] and a third Motion for Summary Judgment as to Certain Plaintiffs [130]. The Court, having reviewed the motions, the responses, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

While this case initially involved hundreds of plaintiffs, the claims of only twelve individuals remain to be adjudicated.[2] Defendant Kentucky Finance seeks summary judgment against all the remaining plaintiffs based on a statute of limitations defense.

The parties are in agreement that Mississippi's residual statute of limitations, as codified at Mississippi Code Annotated § 15-1-49, governs the instant action. That statute provides for a three-

---

[1] The issues presented by the instant motion are identical to those addressed by this Court in the companion case of Adams v. Citifinancial, Inc., Civil Action No. 4:02CV54-P-B (September 8, 2005). The Court hereby adopts the reasoning and analysis of Adams as if fully incorporated herein.

[2] The names of the remaining plaintiffs are George Beal, Alice Cockrell, Rufus Cockrell, Mary S. Gilmore, Essie M. Henderson, Carolyn Henton, Albert Jackskon, Shirley H. Jackson, LaDonna M. Jenkins and Barbara Kirkwood.

year limitations period.

Plaintiffs filed their complaint on February 20, 2002 complaining of alleged wrongdoing arising out of the sale of credit insurance in connection with the extension of consumer credit. In order for plaintiffs' claims to have been timely asserted, their claims must have arose no later than February 20, 1999.[3] None of the remaining plaintiffs obtained a loan from the defendant within the applicable statutory period.[4] Furthermore, the Court has considered and rejected the plaintiffs' argument that their claims are timely by virtue of § 15-1-67's tolling mechanism. Plaintiffs are simply incapable of proving the requisite elements of fraudulent concealment–e.g., a subsequent affirmative act of concealment by defendants and due diligence on the part of the plaintiffs. Boone v. Citigroup, Inc., 416 F.3d 382, 390 (5th Cir. 2005); Ross v. Citifinancial, Inc., 344 F.3d 458, 464 (5th Cir. 2003). See also Andrus v. Ellis, 887 So.2d 175, 181 (Miss. 2004). Based on the foregoing facts and the controlling legal authorities, the Court concludes that plaintiffs' claims are time-barred.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant Kentucky Finance Company, Inc.'s Motion for Summary Judgment as to Certain Plaintiffs [91], a second Motion for

---

[3] The statute of limitations begins to run at the time of purchase in cases involving fraud in the sale of insurance policies. Dunn v. Dent, 153 So. 798, 798-99 (Miss.1934).

[4] Plaintiffs entered into loan transactions with the defendant on the following dates:

| | |
|---|---|
| George Beal: | December 10, 1992 |
| Alice Cockrell: | December 28, 1995 |
| Rufus Cockrell: | December 28, 1995 |
| Mary S. Gilmore: | July 12, 1996 |
| Essie M. Henderson: | May 10, 1994 |
| Carolyn Henton: | April 4, 1996 |
| Albert Jackson: | December 4, 1993 |
| Shirley H. Jackson: | December 4, 1993 |
| LaDonna M. Jenkins: | April 30, 1998 |
| Barbara Kirkwood: | May 28, 1993 |

Summary Judgment as to Certain Plaintiffs [94] and a third Motion for Summary Judgment as to Certain Plaintiffs [130] are well-taken and should be, and hereby are, GRANTED. IT IS FURTHER ORDERED that the claims of George Beal, Alice Cockrell, Rufus Cockrell, Mary S. Gilmore, Essie M. Henderson, Carolyn Henton, Albert Jackson, Shirley H. Jackson, LaDonna M. Jenkins and Barbara Kirkwood should be, and hereby are, DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that this cause should be and hereby is, DISMISSED WITH PREJUDICE, each party to bear its own costs.

SO ORDERED, this the 19th day of January, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE